Larry Froelich, Executive Director Kansas State Board of Pharmacy Landon State Office Building, Room 513 900 S.W. Jackson Street Topeka, Kansas 66612-1231
Dear Mr. Froelich:
As Executive Director for the Kansas State Board of Pharmacy, you ask us to review the applicability of Attorney General Opinion No.97-43 to K.S.A. 74-1603, the statute which addresses appointments for vacancies on the Board of Pharmacy.
You inform us that a current Board member was first appointed to the Board on August 9, 1996 to complete approximately nine months of an unexpired term and was subsequently appointed to a full three year term on May 1, 1997.
You further inform us that you are aware of Attorney General Opinion No. 97-43 that concluded:
 "K.S.A. 1996 Supp. 74-3004(b) requires that appointees to State Banking Board vacancies fill the unexpired term of the preceding member. The commencement of a term of office is the date on which the original member was appointed. A member who has filled a vacancy and served a full term has completed two terms and therefore, according to statute, is ineligible for reappointment."
However, you believe that differences between the Banking Board statute and the Pharmacy Board statute could lead to a different conclusion regarding the Pharmacy Board.
K.S.A. 74-3004, the Banking Board statute, provides:
 "(b) Terms of members of the board shall begin on May 1 and shall be for three years. Each member shall serve until a successor is appointed and qualifies. No person shall serve more than two terms as a member of the board. In the event of a vacancy on the board, the governor shall appoint a new member of the same qualifications to fill the unexpired term."
K.S.A. 74-1603, the Pharmacy Board statute, provides:
 "(b) Vacancies occurring on the Board other than by expiration of term shall be filled for the unexpired term in the same manner as the original appointment was made. No person who has been appointed to and qualified for two terms of three years as a member of the board of pharmacy shall be eligible to be appointed as a member of the board."
In our opinion, the difference in language between the two statutes does not create a distinction. Both statutes establish three year terms and both limit the number of terms to two. We therefore conclude that the rationale of Attorney General Opinion No. 97-43, as well as prior opinions,[1] controls.
Thus, K.S.A. 74-1603 requires that appointees to Board of Pharmacy vacancies, other than by expiration, fill the unexpired term of the preceding member. The commencement of a term of office is the date on which the original member was appointed. A member of the Board of Pharmacy who has filled an unexpired term of a preceding member and
subsequently served a full term of three years has completed two terms and therefore, according to K.S.A. 74-1603 is ineligible for reappointment.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Camille Nohe Assistant Attorney General
CJS:JLM:CN:jm
[1] Attorney General Opinions No. 92-11(regarding Board of Technical Professions), No. 91-117 (regarding Advisory Council on Aging) and No. 91-35 (regarding Board of Tax Appeals).